UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-44-KAC-JEM |
| | ) | |
| CHRISTOPHER ALLEN STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Christopher Stevens's Motion to Continue Trial and Related Dates [Doc. 13], filed on July 23, 2024.

Defendant asks the Court to extend the motions and plea deadlines and to continue the trial in this case. In support of his motion, Defendant asserts that the discovery in this matter involves several videos, and that defense counsel requires additional time to review those videos with Defendant, who is currently detained in Laurel County. Additionally, he states that defense counsel requires more time to complete his investigation and anticipates filing a pretrial motion to suppress. Further, Defendant maintains that granting a continuance in this case will permit the parties the opportunity to explore making a full resolution of the case. Defendant informs the Court that he understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes and that counsel for the Government does not oppose a continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review discovery with Defendant, determine if any pretrial motions are appropriate, engage in plea negotiations, and otherwise prepare for trial. The Court finds that all of this cannot occur before the August 27, 2024 trial date.

The Court therefore **GRANTS** Defendant Christopher Stevens's Motion to Continue Trial and Related Dates [**Doc. 13**]. The trial of this case is reset to **November 12, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 23, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Christopher Stevens's Motion to Continue Trial and Related Dates [**Doc. 13**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **November 12, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **July 23, 2024**, and the new trial date of **November 12, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **August 23, 2024**, and responses to motions are due on or before **September 6, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 11, 2024**;

(6) the deadline for filing motions *in limine* is **October 28, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **October 29, 2024, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 1, 2024**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge